UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JACOB PELTS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:14-cv-01053-JAR |
| ) | |
| D&L TOWING, INC. and CITY OF ) | |
| CHESTERFIELD a/k/a CHESTERFIELD ) | |
| POLICE DEPARTMENT, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Jacob Pelts' ("Pelts") Motion to Remand (Doc. 9). The motion is fully briefed and ready for disposition. For the following reasons, the motion will be **DENIED**.

### I. Relevant Procedural Background

On February 28, 2014, Plaintiff filed a Petition for Property Release (hereinafter "Original Petition") in the Associate Circuit Court in St. Charles against Defendants D&L Towing, Inc.'s ("D&L") and the City of Chesterfield ("Chesterfield") for their conduct arising from the towing and subsequent storage of his vehicle (Doc. 1-2 at 53-56) (Case No. 1411-AC1729). Plaintiff initially requested reimbursement for the towing and storage fees amounting to $1,100 (Doc. 1-2 at 47-48). Relevant to the current motion, the Original Petition includes the following language regarding Plaintiff's civil rights:

> 19. Petitioner's civil rights are being violated by forcing them to pay for impound and storage fees which are not authorized under Missouri Law nor under contract.
> 20. Petitioner cannot be deprived of his life, liberty or property without due process of law . . . .

1

(Doc. 1-2 at 55). Furthermore, in the Original Petition's prayer for relief, Plaintiff requests a Court order "declaring that the above described vehicle was wrongfully taken and withheld from Petitioner by Defendants violating Missouri Law and Petitioner's civil rights . . . " (Doc. 1-2 at 55).

On May 9, 2014, Plaintiff filed a First Amended Petition (hereinafter "Amended Petition") with the Associate Circuit Court indicating damages in excess of Twenty-five Thousand ($25,000) Dollars and adding an additional claim, Count III-Violation of 42 USC Section 1983 (Doc. 1-2 at 17-27). On May 20, 2014, the Parties consented to the certification of Plaintiff's case to Circuit Court as the Amended Petition requested relief in excess of $25,000. That same day, the Case was transferred to Circuit Court and assigned the Case No. 1411-AC1729-01.

On June 6, 2014, Chesterfield filed its notice of removal in federal court and its notice of filing the notice of removal in the Associate Circuit Court Case (Case No. 1411-AC1729). On July 3, 2014, Plaintiff filed the current motion to remand alleging a number of procedural and substantive issues with Chesterfield's notice of removal. Plaintiff also requests attorney's fees and costs.

## II. Analysis

Removal statutes are strictly construed, and any doubts about the correctness of removal are resolved in favor of state court jurisdiction and remand. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993); *Manning v. Wal-Mart Stores East, Inc.*, 304 F.Supp.2d 1146, 1148 (E.D. Mo. 2004) (citing *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997)). The party seeking removal and opposing remand has the burden of establishing

jurisdiction. *Cent. Iowa Power Coop. v. Midwest Indep. Transmission Sys. Operator*, 561 F.3d 904, 912 (8th Cir. 2009); *City of Univ. City, Missouri v. AT & T Wireless Services, Inc.*, 229 F.Supp.2d 927, 929 (E.D. Mo. 2002). A civil action brought in state court may be removed to the proper district court if the district court has original jurisdiction of the action. 28 U.S.C. § 1441(a).

### A.     Procedural Defects

#### 1. Wrong Case Number and File

Plaintiff first asserts that Chesterfield's Notice of Removal cites the incorrect case number and, therefore Chesterfield has removed the wrong case. Specifically, Plaintiff argues that Chesterfield's removal notice was filed in the Associate Circuit Court case after the case was certified and transferred to the Circuit Court. Further, Plaintiff indicates that the correct case is still pending in state court with an upcoming hearing date.[1] Chesterfield responded to this argument, asserting that the Associate Circuit Court is a division of the Circuit Court, not a separate system.

The Court finds that Chesterfield has sufficiently removed the appropriate case. The Associate Circuit Court is a division of the Circuit Court and the Amended Petition, improperly filed in Associate Circuit Court, has been forwarded to this Court. Plaintiff cannot benefit from improperly filing its own petition. Furthermore, Plaintiff clearly cannot allege he did not receive actual notice. Therefore, the Court finds this argument without merit. The Court will direct Defendants to appropriately notify the Circuit Court so that it can administratively close the associated case, Case No. 1411-AC01729-01.

---

[1] Following a number of continuances, this hearing was set for November 18, 2014 at 9:00 a.m. according to the docket entry dated October 21, 2014 in Case No. 1411-AC01729-01. On November 18, 2014, by Order of Judge Zerr, the matter was reassigned to Division 10 and is now set for trial on February 3, 2015 at 9:00 a.m.

Plaintiff also asserts that Defendants entered a court file certified by the clerk of the Circuit Court in the County of St. Charles, Missouri signed and attested to on May 30, 2014 but of the wrong file. Specifically, Plaintiff argues that the June 3, 2014 document showing the certification of the case to Circuit Court was entered in the case file after the clerk's certification. Defendant responds stating that the time lapse between receiving certified copies, certifying the file to the Court, and filing it with this Court is insufficient to divest this Court of jurisdiction. The Court concurs but, for clarity, will direct the Defendants to file any omitted documents from Case No. 1411-AC01729 and all relevant documents from Case No. 1411-AC01729-01 with this Court.

### 2. Untimely

Plaintiff next argues that Defendant's removal is untimely as Defendants were aware that Plaintiff was asserting a violation of his civil rights in his Original Petition. Specifically, Plaintiff argues that Plaintiff's civil rights claims are apparent from Paragraphs 19 and 20 of the Original Petition as well as from the prayer for relief. These specific sections have been detailed above. In its response, Chesterfield asserts that Plaintiff's Original Petition failed to plead a cognizable claim under § 1983 as the two required elements — an individual action under the color of state law and a deprivation of rights, privileges, or immunities secured by the Constitution or laws of the United States — were not pleaded.

Generally, a notice of removal of a civil action must be filed within 30 days after the receipt by the defendant of the initial pleading. 28 U.S.C. § 1446(b)(1). However, if the initial pleading does not state a case that is removable, defendant may remove a case within 30 days after receipt of the amended pleading "from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). "Under the 'well-pleaded

4

complaint rule,' a case in which federal jurisdiction is based on a federal question ordinarily is not removable unless the federal question is presented on the face of the plaintiff's properly pleaded complaint." *Chaganti & Associates, P.C. v. Nowotny*, 470 F.3d 1215, 1220 (8th Cir. 2006) (internal quotations omitted). (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar*, 482 U.S. at 392.

The most natural reading of the Original Petition is that it contains only claims based on Missouri law. *See id.* While the Original Petition does include the phrases "due process" and "civil rights," it makes no mention of any federal law or the Constitution. A federal question did not appear on the face of Plaintiff's petition until he amended it on May 9, 2014 to include a civil rights claim pursuant to 42 U.S.C. § 1983. Defendants therefore had thirty days from that date in which to file a notice of removal. Under these circumstances, Chesterfield's June 6, 2014 notice of removal was timely.

### 3. Consent

Plaintiff asserts that Chesterfield does not provide an appropriate consent of D&L because the consent is not verified, does not meet the requirements of Rule 11 as it is unsigned, does not contain a bar number, and does not indicate that consenting counsel had seen the Notice or its contents (Doc. 9 at 2). Plaintiff also argues that movant Robert T. Plunkert does not provide appropriate consent of his co-counsel Robert M. Heggie.

Pursuant to 28 U.S.C. § 1446(2), "all defendants who have been properly joined and served must join in or consent to the removal of the action." "Where there are multiple defendants, all must join in a notice to remove within thirty days of service," however "it is not necessary for all defendants to actually sign the notice of removal so long as there is some timely

5

filed written indication from each served defendant that the defendant has actually consented to the removal." *Christiansen v. W. Branch Cmty. Sch. Dist.*, 674 F.3d 927, 932 (8th Cir. 2012) (internal quotations omitted). Consent of co-counsel is unnecessary, and it is clear that Defendant D&L actually consented to the removal (*See* Doc. 1-1). Therefore, the Court finds these arguments without merit.

### B. Substantive Requirements

Plaintiff asserts that if the action was brought in federal court originally, Plaintiff would have been unable to bring his state cause of action (Doc. 10 at 9). Specifically, Plaintiff relies on the notice sent by D&L which states:

> To contest the towing or removal you must within ten days of receipt of this notice file a petition in the associate court in the county where the abandoned property is stored to determine if the abandoned property was wrongfully taken or withheld. The petition must have the towing company and agency ... authorizing the tow as defendants.

(Doc. 10 at 10). Plaintiff indicates that the state court is and continues to be his chosen forum. Plaintiff also argues that Defendants consented to the state court's jurisdiction by actively and continually participating in state court actions. Specifically that Defendants accepted jurisdiction of the state court by participating in the proceedings by entering their appearances, appearing at docket calls and hearings, signing court orders, demanding an amended petition be filed by May 12, 2014 (and adding this deadline to the court's order) and filing motions to dismiss. Plaintiff additionally asserts Chesterfield claimed in their motion to dismiss that they are an improperly named party.

The Court finds these arguments meritless. Plaintiff selected state court as his chosen forum and then added a related federal claim in his amended complaint pursuant to Section 1983. The question before the Court therefore is not whether Plaintiff could have originally brought his state cause of action before this Court but instead whether the action as of the date of removal

including the Section 1983 claim could have originally been brought in federal court. The Court has already answered this question in the affirmative. Defendants' participation in the case prior to or during the removal process is also irrelevant. Again, Defendants were not aware of the removability of this case until Plaintiff added the Section 1983 claim. Finally, whether Chesterfield asserted in its Motion to Dismiss that it was improperly named party is not relevant to the present inquiry. Chesterfield is currently a party to this action and has properly removed a case involving a federal question.

### C. Attorney's Fees

Finally, Plaintiff requests the Court grant him reasonable attorneys' fees and costs. In this case, Plaintiff is not entitled to attorneys' fees and costs. Attorney's fees may only be awarded if the removing party lacked an "objectively reasonable basis" for seeking removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). *See also* 28 U.S.C. § 1447. Here Defendant had an objectively reasonable basis for seeking removal.

### D. Other Pending Motions

Also pending before the Court are Defendants' Motions to Dismiss (Docs. 6, 8) filed in the state court. The Court will deny these motions without prejudice as they rely primarily on Missouri state law and fail to follow this Court's local rules. Specifically, the Motions to Dismiss are not supported with memorandums. E.D. Mo. L.R. 7-4.01(A) ("Unless otherwise directed by the Court, the moving party shall file with each motion a memorandum in support of the motion, including any relevant argument and citations to any authorities on which the party relies").

### III. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (Doc. 9) is **DENIED**.

**FURTHER** Chesterfield is **DIRECTED** to notify the St. Charles Circuit Court, in Case Number 1411-AC01729-01, that the case has been removed to this Court and, for clarity, to file the file from that case as well as any omitted documents from Case Number 1411-AC01729 and all relevant documents from Case No. 1411-AC01729-01 with this Court.

**IT IS FURTHER ORDERED** that Defendants' Motions to Dismiss (Docs. 6, 8) are **DENIED without prejudice.**

Dated this 23rd day of December, 2014.

_John A. Ross_
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE